Walker.
1 w 110
77   280

---

### HORACE H. COMSTOCK *v.* JACOB M. HOWARD AND ALBERT STEWART.

Where S. held a judgment against C., and C. executed a deed to H. as trustee, authorizing him, in case the debt was not paid in six months, to sell the land, it was *held* that the deed was a mortgage, and to bar the equity of redemption, it should have been foreclosed at law, or by bill in this Court.

THIS was a bill to redeem certain premises which had been sold, and bid in by one of the defendants.

The defendant, Howard, obtained a judgment against complainant, in favor of Stewart the other defendant, for $3,425.24, on June 17th, 1839, in the Circuit Court of the United States for the District of Michigan. A *fieri facias* was issued, and, on June 27th, Comstock called on Howard, and offered to give security for the payment of the judgment, if Howard would not cause a levy to be made on his property within six months, or would stay the execution for that time; and, on the same day, he deeded to Howard, as trustee, certain real estate as security, and authorized him to sell and dispose of it, and apply the money in payment of the judgment, and to execute and deliver to the purchaser a deed, provided the judgment and costs were not paid within six months from that time. In February, 1840, the judgment still remaining unpaid,

Howard advertised the lands to be sold at public auction on the 28th day of March following, at the courthouse in the village of Kalamazoo, at which time and place they were sold to Stewart for $200, he being the highest bidder, and were deeded to him by Howard.

*Stevens & Pratt*, for complainant.

*Van Arman*, for defendants.

THE CHANCELLOR.   Is the deed from Comstock to Howard a mortgage to Howard in trust for Stewart?   If it is a mortgage, and not a common deed of trust by a debtor for the benefit of a creditor, Comstock has a right to redeem, on paying Stewart what is due on the judgment.

Chancellor Kent defines a mortgage to be the conveyance of an estate, by way of pledge for the security of a debt, and to become void on the payment of it.   4 *Kent Com.* 135.   The deed, on its face, purports to be given as security for the payment of the judgment, and Howard is not authorized to sell *generally*, but only on the happening of a *contingency*, viz: the non-payment of the judgment within six months.   The fact that the debt is due to Stewart, instead of Howard, does not make it any the less a mortgage.   It is not unusual for mortgages to be given to one person in trust for another.   1 *Madd. Ch.* 514; 4 *Kent Com.* 146; *Clay* v. *Sharp*, 18 *Ves. R.* 346, *note.*   To have barred the complainant's equity of redemption, Howard should have foreclosed the mortgage, either at law, by advertising and selling under the statute, or in this Court by bill.

It appears that a part of the judgment has been collected on one or more executions.   There must, therefore, be a reference to a Master to ascertain the amount still due on the judgment, and all further questions are reserved until the coming in of the report.